JUSTICE NELSON,
specially concurring.
¶83 I concur in the Court’s decision as to Issues One and Three. I also concur in the result of the Court’s Opinion as to Issue Two (concerning restoration costs) and most of the Court’s analysis under that issue. I disagree, however, with the premise upon which the Court’s harmless-error analysis is based. Specifically, I do not agree that the District Court erred in ruling, as a matter of law, that restoration costs are the appropriate measure of damages. I explain my reasoning in Part I below. Additionally, given the Court’s clarifications to the analysis of restoration costs at ¶¶ 28-31 of the Opinion, I suggest that certain procedures should be followed in these sorts of cases. I discuss those procedures in Part II below.
I. Harmless-Error Analysis
¶84 The Court commences its harmless-error analysis by agreeing with MCR’s argument that the question whether McEwens presented sufficient personal reasons for seeking to restore their property presents a question of fact for the jury to decide. Opinion, ¶ 34 (citing Lampi v. Speed, 2011 MT 231, ¶ 48, 362 Mont. 122, 261 P.3d 1000). I believe this misstates-or at least overstates-what we actually held in that portion of the Lampi opinion. In fact, I initially wrote separately in Lampi based, in part, on this exact issue-i.e., whether the measure of damages is a question of law or a question of fact. In deciding to withdraw my separate concurring and dissenting opinion and sign the Court’s decision, I understood our holding to be merely this: the cost of restoring property to its pre-injury condition generally constitutes the appropriate measure of damages for temporary injuries, Lampi, ¶ 24, and the trial court should rule pretrial, as a matter of law, that *60 restoration cost is the applicable measure of damages, unless the record reflects a genuine issue of material fact concerning the temporary nature of the injury or the plaintiffs personal reasons for wanting to restore the property to its original condition, Lampi, ¶¶ 44-48. Those are the “issues” we were referring to as “factual questions” at ¶ 48 of Lampi.
¶85 Innumerable cases hold that the choice of the proper measure of damages is a question of law for the court, while the calculation of the amount of damages isa question of fact for the fact-finder. Oscar Gruss & Son, Inc. v. Hollander, 337 F.3d 186, 196 (2d Cir. 2003); S. Colo. MRI, Ltd. v. Med-Alliance, Inc., 166 F.3d 1094, 1100 (10th Cir. 1999); Elkins v. Dist. of Columbia, 527 F. Supp. 2d 36, 46 (D.D.C. 2007); Hendricks v. DSW Shoe Warehouse, Inc., 444 F. Supp. 2d 775, 779 (W.D. Mich. 2006); R&B Holding Co. v. Christopher Advert. Group, Inc., 994 So. 2d 329, 331 (Fla. 3d Dist. App. 2008); Basic Am., Inc. v. Shatila, 992 P.2d 175, 194 (Idaho 1999); Tri-G, Inc. v. Burke, Bosselman & Weaver, 856 N.E.2d 389, 409 (Ill. 2006); Gee v. Payne, 939 S.W.2d 383, 385 (Mo. App. W. Dist. 1997); Connelly v. City of Omaha, 816 N.W.2d 742, 753 (Neb. 2012); Matthews v. Davis, 664 S.E.2d 16, 21 (N.C. App. 2008); Beaty v. McGraw, 15 S.W.3d 819, 827 (Tenn. App. Middle Sec. 1998); Allied Vista, Inc. v. Holt, 987 S.W.2d 138, 141 (Tex. App.-Houston [14th Dist.] 1999); Merchant v. Peterson, 690 P.2d 1192, 1195 n. 1 (Wash. App. Div. 3 1984); Magestro v. N. Star Envtl. Const., 649 N.W.2d 722, 725 (Wis. App. Dist. 2 2002).
¶86 Given this wealth of precedent, the District Court was not wrong in rendering a decision that McEwens were entitled to restoration costs as a matter of law. Under the foregoing authorities, the District Court-not the jury-was the proper entity to make this ultimate determination. Indeed, while the Court implies that the District Court got it wrong because it did not have the benefit of our decision in Lampi (Opinion, ¶ 34), the truth is that the District Court, in deciding this issue, cited the following statement by this Court in an opinion handed down prior to Lampi: “Whether restoration damages may be awarded in excess of a property’s market value constitutes a question of law.” Sunburst Sch. Dist. No. 2 v. Texaco, Inc., 2007 MT 183, ¶ 28, 338 Mont. 259, 165 P.3d 1079 (emphasis added). The District Court did not err; it simply followed the law as stated in Sunburst and the myriad cases cited above.
¶87 The parties raised this issue (i.e., whether the appropriate measure of damages was diminution value or restoration cost) in their cross-motions for summary judgment. I see nothing inappropriate in *61 seeking a pretrial determination of this issue. In fact, doing so is a sensible approach. The temporary nature of McEwens’ injury was conceded, but the question whether they had personal reasons to restore the property was in dispute. The District Court thus deferred ruling on the proper measure of damages “until all the facts are presented regarding the parties and the injuries.” I see no error in this approach either. Ultimately, on the third day of trial, the District Court granted McEwens’ motion for summary judgment, ruling that restoration costs were the appropriate measure of damages. Again, I see no error in this approach. The inference readily drawn from the District Court’s ruling[1] is that the court determined there were no genuine issues of material fact concerning the applicability of restoration costs, and McEwens were entitled to judgment as a matter of law on this issue. M. R. Civ. P. 56(c). There is, accordingly, no reason for this Court to characterize the District Court’s decision as “error” and then to embark on an analysis of whether that “error” was harmless. Opinion, ¶¶ 35-42.
II. Suggested Approach
¶88 Restatement (Second) of Torts § 929 (1979) states, in pertinent part:
(1) If one is entitled to a judgment for harm to land resulting from a past invasion and not amounting to a total destruction of value, the damages include compensation for
(a) the difference between the value of the land before the harm and the value after the harm, or at his election in an appropriate case, the cost of restoration that has been or may be reasonably incurred ....
This language makes clear that the plaintiff may elect diminution value or, in an appropriate case, restoration cost.
¶89 As to the latter, Comment b provides further details. First, it states:
Even in the absence of value arising from personal use, the reasonable cost of replacing the land in its original position is ordinarily allowable as the measure of recovery. Thus if a ditch is wrongfully dug upon the land of another, the other normally is entitled to damages measured by the expense of filling the ditch, if he wishes it filled.
Restatement (Second) of Torts § 929 cmt. b (emphasis added). This *62 language indicates that restoration cost ordinarily is allowed even without personal reasons for wanting to restore the property. If the plaintiff wishes to have the property restored, she is normally entitled to that remedy.
¶90 Second, subsequent to the foregoing quoted language, Comment b then states:
If, however, the cost of replacing the land in its original condition is disproportionate to the diminution in the value of the land caused by the trespass, unless there is a reason personal to the owner for restoring the original condition, damages are measured only by the difference between the value of the land before and after the harm. This would be true, for example, if in trying the effect of explosives, a person were to create large pits upon the comparatively worthless land of another. On the other hand, if a building such as a homestead is used for a purpose personal to the owner, the damages ordinarily include an amount for repairs, even though this might be greater than the entire value of the building.
Restatement (Second) of Torts § 929 cmt. b (paragraph break omitted). This language indicates that if the restoration cost is disproportionate to the diminution value, then damages are limited to diminution value, unless the plaintiff shows personal reasons for restoring the original condition of the property. The “personal reasons” element is triggered by a threshold determination of “disproportionality.”
¶91 Accordingly, there are two distinct facets to the availability of restoration costs. First, restoration costs are available only if the damaged property is capable of being restored. Opinion, ¶ 31. If the injury is permanent, and restoration is impossible, then restoration costs are not an appropriate measure of damages. Hence, a showing that the injury is “temporary” is necessary in all cases where restoration costs are sought. Opinion, ¶ 30. If the injury is temporary, then restoration costs ordinarily are allowed. Restatement (Second) of Torts § 929 cmt. b.
¶92 Second, a showing of “personal reasons” is not necessary in all cases. The rule states that the plaintiff must show personal reasons only where the cost of replacing the land in its original condition is “disproportionate” to the diminution in the value of the land. Opinion, ¶ 31; see e.g. Osborne v. Hurst, 947 P.2d 1356, 1360 (Alaska 1997) (“Under the foregoing principles [of § 929], Osborne and Christensen were entitled to elect as their preferred measure of damages restoration costs instead of diminished market value; but if restoration *63 costs were disproportionate in relation to the diminution in market value, Osborne and Christensen were further required to prove the existence of a case-specific justification, or ‘reason personal’ for their chosen measure of damages.” (emphasis added)). Presumably, once a plaintiff indicates that she intends at trial to seek restoration costs, the defendant may assert that such costs are disproportionate to diminution value. If the defendant prevails on the disproportionality issue, then restoration costs are unavailable and the plaintiff is limited to diminution value as the measure of damages, unless the plaintiff can show personal reasons for restoring the original condition of the property. On the other hand, if the defendant does not prevail on the disproportionality issue, then restoration costs are allowable, without a showing of personal reasons. Restatement (Second) of Torts § 929 cmt. b.
¶93 I note that the “personal reasons” factor aims to ensure that a property owner does not receive a windfall. Opinion, ¶¶ 45, 50, 66, 72. Concerns over a potential “windfall” are implicated precisely because “the cost of replacing the land in its original condition is disproportionate to the diminution in the value of the land caused by the trespass.” Restatement (Second) of Torts § 929 cmt. b. Comment b requires a showing of “a reason personal to the owner for restoring the original condition” when such disproportionality exists. Absent disproportionality, there is no risk of a “windfall” in requiring the defendant to pay restoration costs-e.g., to fill in a ditch that the defendant wrongfully dug upon the plaintiffs land. There is no reason in such situations to require the plaintiff, who seeks restoration costs, to show anything other than that the injury is temporary.[2]
*64 ¶94 Given this framework, the potential factual issues underlying the applicability of restoration costs as the measure of damages are: (1) whether the injury is permanent or temporary; (2) whether the restoration cost is disproportionate to the diminution value; and (3) if the restoration cost is disproportionate to the diminution value, whether the plaintiff has a personal reason for restoring the land in its original condition. In an effort to reconcile the rule of § 929 with the legal principle that the choice of the proper measure of damages is a question of law for the court, I suggest that the following scenarios and procedures should be followed.
¶95 First, where the plaintiff elects restoration cost and the defendant does not contest this election, the trial court may rule pretrial that restoration cost is the applicable measure of damages and instruct the jury accordingly.
¶96 Second, where the plaintiff elects restoration cost and the defendant contests this election, but the defendant fails to identify a genuine issue of material fact as to any of the three factual matters identified above, the trial court may rule as a matter of law that restoration cost is the applicable measure of damages and instruct the jury accordingly. That is effectively what occurred in the present case.
¶97 Third, where the plaintiff elects restoration cost and the defendant contests this election, and the defendant identifies a genuine issue of material fact as to any of the three factual matters identified above, the trial court should instruct the jury to resolve those factual matters and then, depending on that resolution, to apply either restoration cost or diminution value. Thus, the jury should be instructed that if it resolves the factual issue(s) relating to (1) temporary injury, (2) disproportionality, and/or (3) personal reasons in favor of the plaintiff, then it should apply restoration cost as the measure of damages, but that if it resolves the factual issue(s) relating to these elements in favor of the defendant, then it should apply diminution value as the measure of damages.
¶98 The critical point of this approach is that the proper measure of damages is a question of law for the court, but whether a particular measure of damages is proper may depend on the existence of certain facts-as is the case with restoration costs. And when there is a genuine issue of material fact as to the existence of any of those predicate facts, then a fact-finder necessarily must become involved to resolve the dispute. Contrary to MCR’s argument, this does not mean that the applicable measure of damages thereby becomes a “question of fact.” Opinion, ¶ 34. The fact-finder merely resolves any genuine factual *65 disputes that the trial court has determined exist with respect to any of the factual predicates. The trial court still instructs the jury what the appropriate measure of damages is, based on two alternative outcomes: if the jury resolves the factual dispute(s) in the plaintiffs favor, then restoration cost is the applicable measure of damages, and the jury should calculate the damages accordingly, but if the jury resolves the factual dispute(s) in the defendant’s favor, then diminution value is the applicable measure of damages, and the jury should calculate the damages accordingly.
¶99 Of course, to ensure that the calculations are done properly, the trial court must carefully instruct the jury as to the method of calculating damages, depending on which measure applies (restoration versus diminution). Where, as in the third scenario above, both forms of damages are possible depending on the jury’s resolution of factual disputes, the trial court must carefully instruct the jury to apply the restoration method if the facts are resolved in the plaintiffs favor, and the diminution method if the facts are resolved in the defendant’s favor. The court should require a special verdict to make it clear which sort of damages the jury is awarding and the amount thereof.
¶100 I would adopt the foregoing procedures where the plaintiff seeks restoration costs. As for the present case, I believe it falls into the second scenario identified above. The District Court resolved the issue of the appropriate measure of damages on summary judgment-albeit, within the midst of trial-and applying de novo review to that ruling (Opinion, ¶ 15), I perceive no error. MCR did not demonstrate with substantial evidence that there were any genuine issues of material fact regarding McEwens’ personal reasons for wanting to restore their property. Hinderman v. Krivor, 2010 MT 230, ¶ 13, 358 Mont. 111, 244 P.3d 306. I would affirm the District Court on this basis, rather than the Court’s “harmless error” approach. Opinion, ¶¶ 35-42.
¶101 With the foregoing caveats, I concur in the Court’s decision.
JUSTICE COTTER joins the Special Concurrence of JUSTICE NELSON.

 We may draw such inferences. State v. Ditton, 2006 MT 235, ¶ 23, 333 Mont. 483, 144 P.3d 783.

 Of course, if it is determined that restoration cost is the appropriate measure of damages, I do not believe that diminution value has any further relevance to the analysis. Indeed, allowing the jury to factor diminution value into its calculation of the amount of restoration costs would effectively sabotage the plaintiffs right to elect restoration costs. These two measures of damages-restoration versus diminution-are entirely distinct, and the diminution in market value has no bearing on the amount needed to restore the property to its original condition. Heninger v. Dunn, 162 Cal. Rptr. 104, 108 (Cal. App. 1st Dist. 1980). Indeed, in some cases, the defendant’s wrongful act may have actually increased the property’s market value, and yet the plain tiff still may be entitled to have the property restored to its original condition. See e.g. Heninger, 162 Cal. Rptr. 104. In any event, once the plaintiff overcomes any disproportionality problem-either because the restoration cost is not disproportionate to the diminution value, or because the plaintiff has shown personal reasons for restoring the property’s original condition-then diminution value falls out of the equation.