FILED

01/24/2023

Bowen Greenwood
CLERK OF THE SUPREME COURT
STATE OF MONTANA

Case Number: DA 22-0301

DA 22-0301

IN THE SUPREME COURT OF THE STATE OF MONTANA

2023 MT 14N

DUNCAN BEN ABBEY,

      Plaintiff and Appellee,

    v.

JOSEPH R. HARTLEY, individually and as Trustee
of the Joseph Robert Hartley Living Trust; and the
JOSEPH ROBERT HARTLEY LIVING TRUST,

      Defendants and Appellants.

APPEAL FROM:    District Court of the Fifth Judicial District,
                In and For the County of Beaverhead, Cause No. DV-21-14402
                Honorable Luke Berger, Presiding Judge

COUNSEL OF RECORD:

        For Appellants:

                Peter M. Tomaryn, Law Offices of Peter M. Tomaryn, Dillon, Montana

        For Appellee:

                John B. Horrell, Horrell Law Offices, PLLC, Missoula, Montana

                          Submitted on Briefs:  November 16, 2022

                                    Decided:  January 24, 2023

Filed:

                          _____
                                    Clerk

Justice James Jeremiah Shea delivered the Opinion of the Court.

¶1    Pursuant to Section I, Paragraph 3(c), Montana Supreme Court Internal Operating Rules, this case is decided by memorandum opinion, shall not be cited and does not serve as precedent. Its case title, cause number, and disposition shall be included in this Court's quarterly list of noncitable cases published in the Pacific Reporter and Montana Reports.

¶2    Joseph Hartley appeals the District Court's Order on Plaintiff's Motion to Enforce Settlement Agreement. The District Court denied Hartley's request to revise a settlement agreement he entered into with Duncan Abbey and granted Abbey's motion to enforce the agreement. We affirm.

¶3    Hartley and Abbey are veterinarians. Prior to 2010, Hartley constructed a veterinary clinic on his property, including a septic system to service the clinic. In 2010, Hartley and Abbey became adjoining neighbors after Hartley sold Abbey property, including the veterinary clinic. Hartley continued to own land adjoining the property he sold to Abbey. Hartley commissioned a surveyor to complete a certificate of survey (COS) reflecting the parties' agreed upon boundary line relocation. Hartley then recorded the COS with the Beaverhead County Clerk and Recorder. The boundary line relocation left some of the components of the septic system for the veterinary clinic on Hartley's property.

¶4    On June 17, 2021, Abby filed a complaint against Hartley, alleging ten causes of action. At least four of the causes of action concerned the location and ownership of the septic system. In response, Hartley filed a counterclaim against Abbey, alleging three causes of action. On November 18, 2021, the parties settled the case at mediation and signed a written settlement agreement. In relevant part, Hartley agreed to sell Abbey a

specified portion of land, including the area containing the septic system. To effectuate the land transfer, the settlement agreement stated that the agreed upon boundary line adjustment would begin at the southeast corner of Abbey's property and referred specifically to the 2010 COS. A copy of the COS was attached to the agreement—labeled as both the third and final page of the settlement as well as Exhibit A.

¶5 On January 4, 2022, Hartley asserted that "there was an unintentional mistake made in the settlement . . . concerning the exact boundaries to be readjusted." Hartley asserted that, when the settlement agreement referred to the southeast corner of Abbey's property, he believed that the parties were referring to a "jog" located in a fence line between the parties' two properties, rather than the corner as depicted in the COS. Abbey moved to enforce the settlement agreement. Hartley filed a countermotion requesting leave to revise the settlement agreement.

¶6 According to Hartley, he placed the jog north of the southeast corner of Abbey's property in the fence line years before he sold Abbey the property. The jog does not appear on the COS Hartley recorded to effectuate the agreed upon boundary line relocation in 2010. Hartley asserts that it is not depicted on the COS because the surveyor missed it. The jog is not referred to in the settlement agreement or on the attached COS. Neither party referenced the jog's location nor, for that matter, even used the term "jog" during settlement discussions. Nevertheless, Hartley asserted that Abbey knew or should have known that Hartley was making a mistake because Hartley spent years insisting that he would not sell Abbey land that interfered with his ranching operation and Abbey knew the purpose of the settlement was to give him control over the septic system.

¶7     The District Court granted Abbey's motion to enforce the settlement agreement and denied Hartley's countermotion on the basis that Hartley made a unilateral mistake with respect to the boundaries which Abbey could not have known or suspected.[1]

¶8     "A valid settlement agreement is enforceable like any other binding contract." *Hinderman v. Krivor*, 2010 MT 230, ¶ 21, 358 Mont. 111, 244 P.3d 306 (internal citation omitted). "Both the existence of a contract and its interpretation are questions of law which we review for correctness." *Kluver v. PPL Mont., LLC*, 2012 MT 321, ¶ 19, 368 Mont. 101, 293 P.3d 817 (citing *Hurly v. Lake Cabin Dev., LLC*, 2012 MT 77, ¶ 14, 364 Mont. 425, 276 P.3d 854). "We review a district court's findings of fact to determine whether they are clearly erroneous." *Lyndes v. Green*, 2014 MT 110, ¶ 14, 374 Mont. 510, 325 P.3d 1225 (internal citation omitted). "The district court's findings will be upheld even if the evidence could have supported different findings." *Lyndes*, ¶ 15 (internal citation omitted).

¶9     "[W]e will reopen [settlement] agreements only rarely and reluctantly." *Kruzich v. Old Republic Ins. Co.*, 2008 MT 205, ¶ 47, 344 Mont. 126, 188 P.3d 983 (internal quotation and citations omitted). A court "will revise a contract when, through . . . a mistake of one party which the other at the time knew or suspected, a written contract does not truly

---

[1] Hartley also attempts to raise additional issues for the first time on appeal. He asserts the settlement agreement is ambiguous, and the District Court failed to apply the laws of latent ambiguity, and he argues for the first time that the parties entered into the settlement agreement through a *mutual* mistake of fact, and the District Court should have rescinded the agreement on that basis. Hartley failed to raise either of these issues before the District Court and does not assert any basis for this Court to review his unpreserved claims. We therefore decline to address them. *See Grizzly Sec. Armored Express, Inc. v. Bancard Serv.*, 2016 MT 287, ¶ 59, 385 Mont. 307, 384 P.3d 68 ("We will generally not address either an issue raised for the first time on appeal or a party's change in legal theory.") (Internal quotation and citation omitted).

express the intentions of the parties." *Lincoln Cnty. Port Auth. v. Allianz Global Risks US Ins. Co.*, 2013 MT 365, ¶ 37, 373 Mont. 60, 315 P.3d 934; *see also* § 28-2-1611, MCA. "Mistakes may be either mistakes of law or mistakes of fact." *Keller v. Liberty Northwest, Inc.*, 2010 MT 279, ¶ 23, 358 Mont. 448, 246 P.3d 434 (internal citation omitted). A mistake of fact is "an unconscious ignorance or forgetfulness of a fact, past or present, material to the contract." Section 28-2-409(1), MCA.

¶10 The District Court determined that any mistake as to the boundary was Hartley's unilateral mistake. The District Court found that Abbey "could not have known [Hartley] was making a unliteral mistake with respect to the boundaries, nor could [Abbey] have known the Settlement Agreement does not reflect the true intentions of the parties" because "the 'jog' does not show up on the plat map attached to the Settlement Agreement nor is it present on the [COS] filed with Beaverhead County in 2010." Therefore, the District Court concluded, "[t]here was no way [Abbey] could have known [Hartley] wanted the boundary to start at this 'jog' since it did not show up in any documents relied on during this process, and [Hartley] did not express this during the mediation."

¶11 The record contains substantial evidence to support the District Court's determination that Hartley made a unilateral mistake which Abbey neither knew nor suspected. The District Court did not err by granting Abbey's motion to enforce the settlement agreement and denying Hartley's motion to reform or revise the settlement agreement.

¶12 We have determined to decide this case pursuant to Section I, Paragraph 3(c) of our Internal Operating Rules, which provides for memorandum opinions. This appeal presents

no constitutional issues, no issues of first impression, and does not establish new precedent or modify existing precedent.  The District Court's order is affirmed.[2]

/S/ JAMES JEREMIAH SHEA

We Concur:

/S/ LAURIE McKINNON
/S/ INGRID GUSTAFSON
/S/ BETH BAKER
/S/ DIRK M. SANDEFUR

---

[2] Abbey requests that this Court award him his costs on appeal pursuant to Mont. R. App. P. 19(3)(a) and that we sanction Hartley by ordering him to pay Abbey's attorney fees on appeal pursuant to Mont. R. App. P. 19(5).  Abbey is entitled to his costs on appeal.  Under Rule 19(5), we may "award sanctions to the prevailing party in an appeal . . . determined to be frivolous, vexatious, filed for the purpose of harassment or delay, or taken without substantial or reasonable grounds."  At this juncture, we find an insufficient basis to impose sanctions against Hartley.  Finally, Abbey requests that we "expressly authorize the District Court to award [Abbey] attorney's fees and costs for any further District Court proceedings, in accordance with that Court's prior warnings to [Hartley]."  The District Court does not require our authorization to impose sanctions it deems appropriate for proceedings taken after this appeal.